```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMUEL IKEM,                         :
                                     :
     Plaintiff,                      :
                                     :
     v.                              :    CASE NO. 3:03CV2231 (RNC)
                                     :
WESTWOOD CONDOMINIUM                 :
ASSOCIATION, ET AL.,                 :
                                     :
     Defendants.                     :
```

### RECOMMENDED RULING ON DEFENDANTS' MOTION TO DISMISS

Pending before this court is the defendants' Motion to Dismiss and for Costs and Fees (doc. #43).[1] For the following reasons, the court recommends that the motion to dismiss be DENIED WITHOUT PREJUDICE and the motion for Costs and Fees be GRANTED.

The defendant's motion is predicated upon the plaintiff's failure to respond to discovery requests and failure to appear for his noticed deposition. The motion also is based on the plaintiff's "failure to cooperate with the defendants in complying with court orders, and failure to prosecute his case." (Id. at 1.)

The court scheduled oral argument on the defendant's motion to dismiss and required both plaintiff's counsel and the plaintiff to appear. (Doc. #58.) Neither the plaintiff nor his counsel appeared for oral argument. During oral argument, counsel for the defendants pressed the motion to dismiss. Defendants' counsel

---

[1] On April 20, 2005, Chief Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling (doc. #49).

stated that, despite numerous efforts to contact plaintiff's counsel, defendants had not heard from him since February 18, 2005.

Thereafter, the court issued an Order to Show Cause requiring the plaintiff and his counsel to appear before the court to show cause as to why the defendants' motion to dismiss should not be granted and the case dismissed. (See doc. #63.)[2] The plaintiff and his attorney, Paul Ngobeni, appeared for the hearing. Attorney Ngobeni took responsibility for the state of the litigation. He acknowledged to the court, and to his client, that he was at fault for the various "failures and oversights." He stated that he would assume responsibility for paying costs previously awarded by the court. (Doc. #68, Tr. at 21-22, 31.)

The plaintiff, Mr. Ikem, also addressed the court. He indicated that he did not know that his lawyer had not complied with the defendant's requests for discovery. (Id. at 35.) He stated that he was "a victim of professional misconduct" by his attorney and urged the court not to dismiss his case because of his attorney's conduct. He further stated that he did not want Attorney Ngobeni to represent him. (Doc. #68, Tr. at 33-36.) Plaintiff orally requested that the court granted him a continuance so that he could obtain a new lawyer.

On September 29, 2005, the court issued another Order to Show

---

[2] The Clerk's office mailed a copy of the order to the plaintiff at his home address.

Cause requiring the plaintiff and counsel of record – including Attorney Ngobeni – to appear on October 5, 2005 regarding the issue of the plaintiff's representation.  (Doc. #69.)  Plaintiff, accompanied by new counsel Attorney Eroll Skyers, appeared. Attorney Ngobeni did not appear.[3]  During the hearing, Attorney Skyers said the plaintiff intended to comply with all outstanding discovery requests and would move the case forward.  (Tr. at 16.)

On October 24, 2005, the plaintiff filed a supplemental opposition to the pending motion to dismiss.  The plaintiff stated that "the discovery matters that are central to this motion are being addressed expeditiously including arrangement for the plaintiff's deposition."  (Doc. #74 at 12.)  On or about December 1, 2005, plaintiff served responses to the defendants' outstanding discovery requests.  (Doc. #82 at 2.)  Plaintiff supplemented those responses with additional information on December 26, 2005.  (Id.) On January 17, 2006, plaintiff served his First Set of Interrogatories and Request for Production of Documents on the defendants.  (Id.)[4]

On February 21, 2006, the court held a telephonic status

---

[3] During the hearing the court granted Attorney Ngobeni's oral motion to withdraw made during the August 16, 2005 hearing (Doc. #68, Tr. at 9.) and allowed Attorney Skyers to file an appearance on behalf of the plaintiff.

[4] Defendants have not responded to those requests, but have instead moved for an extension of time to respond until after a ruling on their motion to dismiss.  (Doc. #80.)

conference with the parties.  During the conference, the court asked the defendants to identify what, if any, discovery remained outstanding from the plaintiff.  The defendants responded that they were missing: (1) information regarding plaintiff's medical and prescription expenses; (2) a signed authorization for release of medical records; and (3) information relating to plaintiff's retention of attorneys.  Plaintiff's counsel replied that: (1) he had not yet received a proposed written release from the defendants and that when he did, the plaintiff would sign it; (2) the plaintiff has provided all documents in his possession relating to his medical and prescription expenses and would supplement his discovery responses to make that representation clear; and (3) the plaintiff had produced all documents in his possession relating to his retention of attorneys except for his fee agreement with current counsel, to which plaintiff objects on the grounds of relevance.  Defendants indicated that they would not be pursuing any additional discovery from the plaintiff by way of motion, nor would they seek to take the plaintiff's deposition until after the court ruled on the pending motion to dismiss.

"The choice of the appropriate sanction . . . lies within the discretion of the court after consideration of the full record in the case."  Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993).  "[D]ismissal of an action or proceeding is the most severe of appropriate sanctions."  Republic of the

4

Philippines v. Marcos, 888 F.2d 954, 956 (2d Cir. 1989); see also Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977) ("Dismissal under [Rule] 37 is a drastic penalty which should be imposed only in extreme circumstances").  Dismissal under Rule 37 is justified where a party "fails to comply with the court's discovery orders willfully, in bad faith, or through fault," Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986), and where "a warning has been given that noncompliance can result in dismissal."  Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).  Under Rule 41, the court has the authority to dismiss a case with prejudice for plaintiff's lack of prosecution, failure to comply with the Federal Rules, or failure to comply with a court order.  Fed. R. Civ. P. 41(b); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (the court has inherent power to dismiss case for plaintiff's failure to prosecute).  The Second Circuit has expressed on numerous occasions its preference that litigation disputes be resolved on the merits.  Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996).

The delay in this case appears to have been caused by the plaintiff's former attorney.  As noted, Attorney Ngobeni assumed responsibility for the failure to comply with his discovery obligations.  (Doc. #68, Tr. at 21-22, 31.)  Since obtaining new

counsel in October 2005, plaintiff substantially has complied with outstanding discovery requests.  In addition, plaintiff served his own discovery requests and is moving the case forward.  Based on a review of the entire record, the harsh sanction of dismissal is not appropriate at this juncture.

Plaintiff's former counsel, Attorney Paul Ngobeni, shall pay the defendants their attorney's fees and costs associated with this motion.[5]

For these reasons, the court recommends that the defendants' Motion to Dismiss and for Attorney's Fees and Costs (doc. #43) be denied in part and granted in part.  The court recommends that the defendants' request for dismissal be DENIED WITHOUT PREJUDICE and the plaintiff's request for costs and fees be GRANTED.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300

---

[5] On August 16, 2005, Attorney Ngobeni assumed responsibility for the delay to this case due to his own dilatory conduct. (Doc. #68, Tr. at 21-22, 31.)

(2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

SO ORDERED at Hartford, Connecticut this 7th day of March, 2006.

_______________/s/____________
Donna F. Martinez
United States Magistrate Judge